UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



RN SHIPPING AS,

                        Plaintiff,

-against-

TIANJIN XINHE SHIPBUILDING HEAVY
INDUSTRY CO. LTD. AND LIAONING MEC
GROUP CO. LTD.,

                        Defendant.

1:09-cv-06601-RJH

**ORDER**

      Plaintiff's application for a maritime attachment is DENIED. Supplemental Rule B's special remedy of maritime attachment and garnishment is available only to a plaintiff who shows it has a "valid prima facie admiralty claim against the defendant." *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir.2006). Here, Plaintiff has not met that burden. Plaintiff admits that its lawsuit arises from a ship construction contract. Courts have long held that such a contract is not maritime in nature. *See, e.g., Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961) ("a contract to build a ship is not [maritime]") (citing *People's Ferry Co. of Boston v. Beers*, 61 U.S. 393, 402 (1857)); *CTI-Container Leasing Corp. v. Oceanic Operations Corp.*, 682 F.2d 377, 380 n.4 (2d Cir. 1982); *Norvel Ltd. v. Ulstein Propeller AS*, 161 F. Supp. 2d 190, 198 (S.D.N.Y. 2001); *Montgomery v. Goodyear Tire & Rubber Co.*, 231 F. Supp. 447, 453 (S.D.N.Y. 1964).

      The Supreme Court's decisions in *Exxon Corp. v. Central Gulf Lines, Inc.* and *Norfolk Southern Railway Co. v. Kirby*, which Plaintiff discusses in its brief, do nothing to challenge that longstanding precedent. In *Exxon*, the Supreme Court considered only

the narrow question whether agency contracts are *per se* exempt from admiralty jurisdiction; it concluded they are not. *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 613 (1991). Nowhere did the decision call into question the long-established precedent that shipbuilding contracts are not maritime. Indeed, ten years after *Exxon*, this District called it "well settled law that disputes involving 'contracts relating to the construction of or supply of materials to a ship' . . . are not within the admiralty jurisdiction of a court." *Norvel Ltd.*, 161 F. Supp. 2d at 198 (S.D.N.Y. 2001).

*Kirby* is similarly unhelpful to Plaintiff. In *Kirby*, the Supreme Court held that where a bill of lading "requires substantial carriage of goods by sea, . . . it is a maritime contract." *Norfolk Southern Railway Co. v. Kirby*, 543 U.S. 14, 27 (2004). The decision said nothing about ship construction contracts, which of course take place *entirely* on land. Moreover, *Kirby* reaffirmed the Supreme Court's approach in *Kossick v. United Fruit Co.*, a case that expressly stated ship construction contracts are not maritime. *Kossick*, 365 U.S. at 735.

The Court joins the substantial number of decisions to have found that claims arising from ship construction contracts are not within its admiralty jurisdiction. Accordingly, Plaintiff's application for Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure must be denied.

SO ORDERED.

Dated: New York, New York
      September 8, 2009

                                              _____
                                              Richard J. Holwell
                                              United States District Judge

2